# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ALAN OLIVER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-CV-111-LMB |
| | ) | |
| TOMMY GREENWELL, BRAD SWIMS, | ) | |
| BOB SIMMONS, JANES CARTER, JERRY | ) | |
| CARTER and UNKNOWN DANNY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Alan Oliver, Sr., (registration no. 508423) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on July 15, 2005. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $3.75, and an average monthly account balance of $3.76. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.75, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States,* 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff, an inmate presently incarcerated at the Farmington Correctional Center, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was incarcerated at the Pemiscot County Justice Center. Defendants are Tommy Greenwell, Brad Swims, Bob Simmons, Janes Carter, Jerry Carter[1] and Unknown Danny. Plaintiff alleges that defendants Bob Simmons and Unknown Danny stopped issuing him his heart medication without doctor's orders. Plaintiff also alleges a laundry list of conditions of confinement claims, including no law library, no outdoor recreation, no special diet available, no tuna or mackerel in canteen and no weekday visitation.

## Discussion

### A. Medical mistreatment.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A heart condition requiring medication is a serious medical need and failure or refusal to provide doctor-ordered medication for such condition may state a claim for deliberate indifference. Accordingly, plaintiff's claim against defendants Bob Simmons and Unknown Danny survives review

---

[1]The Court notes that plaintiff's complaint contains no specific factual allegations against defendant Jerry Carter. "Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Thus, because plaintiff has not alleged that defendant Jerry Carter was personally involved in or directly responsible for the alleged deprivation of his rights, the Court will dismiss defendant Jerry Carter from this action.

under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2).

Plaintiff also alleges that defendants Greenwell (sheriff) and Swims (jail administrator) are liable for the failure to issue his heart medication because of their policy of allowing such conduct by staff members or officers. Defendants Greenwell and Swims may not be held liable solely on the basis of their status as sheriff and jail administrator. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits). However, "chief executive officers of penal institutions, such as '[a] prison warden can be held liable for policy decisions which create unconstitutional conditions.'" *Reutcke v. Dahm*, 707 F. Supp. 1121, 1134 (D. Neb.1988) (quoting *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985); *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir.1987) (per curiam). Similarly, the sheriff and jail administrator may be held liable for policy decisions that create unconstitutional conditions. The Court cannot discredit the possibility that defendants Greenwell and Swims were responsible for the policy decisions that created the conditions alleged by plaintiff to be unconstitutional. *See id.* Thus, defendants Greenwell and Swims may be proper defendants in this matter.

Accordingly, plaintiff's claims against defendants Tommy Greenwell, Brad Swims, Bob Simmons and Unknown Danny regarding medical mistreatment survive review under § 1915(e)(2)(B) and should not be dismissed at this time. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that said defendants reply to the complaint.

### B. Conditions and restrictions.

#### 1. Law library.

Plaintiff alleges that Pemiscot County Justice Center has no law library. Such allegation fails to state a denial of access to the courts claim because plaintiff has not indicated that he has suffered actual prejudice to a non-frivolous case. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, plaintiff's claim as to this issue will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

#### 2. Outdoor recreation.

To prevail on a claim alleging deprivation of adequate exercise, plaintiff must show that the prison officials were deliberately indifferent to his exercise needs. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). "Courts in the Eighth Circuit have held that at least one hour of exercise outside the cell each day is required in order to comply with the eighth amendment." *Andrews v. Gunter*, 1987 WL 54372, *3 (D. Neb.1987) (citing *Hutchings v. Corum,* 501 F. Supp. 1276, 1294 (W.D. Mo.1980); *Campbell v. Cauthron,* 623 F.2d 503, 507 (8th Cir.1980)). Plaintiff does not allege that he is denied adequate opportunity for exercise, only that it is not outdoors. Such claim fails to state a constitutional violation for deprivation of adequate exercise and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

#### 3. Special diet.

Plaintiff alleges that defendant Janes Carter served him beans, cheese and milk, which are "against [his] health," and offered no alternative food. Prisons have an affirmative duty to provide their inmates with nutritionally adequate food. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (citing *Shrader v. White,* 761 F.2d 975, 986 (4th Cir.1985)). However, assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. *See Divers v. Department of*

*Corr.*, 921 F.2d 191, 194 (8th Cir. 1990). "[A]bsent religious or medical[ly] peculiar circumstances, a prisoner does not have a right to a specialized diet while incarcerated. . . ." *Maulding v. Peters,* 1995 WL 461914, *5 (N.D. Ill. 1995). *Id.* A prisoner's "deliberate (non-religious) choice not to eat all the food presented to him does not implicate infringement of a constitutional right." *Id.*

Plaintiff does not allege that he ever became ill after a meal or that he lost weight while incarcerated. Defendant Janes Carter's failure or refusal to serve plaintiff with his preferred diet does not violate plaintiff's constitutional rights. Plaintiff's claim fails to state a constitutional violation for deprivation of a nutritionally adequate diet and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**4.     Canteen items.**

Plaintiff's allegation that the canteen is not adequately stocked, specifically, that there is no tuna or mackerel, fails to state a violation of plaintiff's constitutional rights. "Because the county provided for the plaintiff's basic necessities (food, shelter, clothing, medical care, etc.), he had no protected property or liberty interest in [canteen] privileges." *Poole v. Stubblefield*, 2005 WL 2290450, slip op. at *2 (E.D. Mo. 2005) (quoting *Bennett v. Sheahan,* 1999 WL 967534, *4 (N.D. Ill.1999)). Plaintiff cannot "reasonably contend that the Constitution embodies some right of a prisoner to purchase anything he wants from the [canteen] while in the custody of the state." *Robinson v. Illinois State Correctional Center (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill.1995) (citing *Campbell v. Miller,* 787 F.2d 217, 222 (7th Cir.), *cert. denied,* 479 U.S. 1019 (1986)). Plaintiff has no constitutionally protected interest in canteen privileges; accordingly, the complaint is legally frivolous as to this issue.

### 5. Visitation privileges.

Plaintiff's allegation that his right of visitation is restricted to the weekend fails to state a violation of his constitutional rights. The Court recognizes that "visitation rights are 'rights' with respect to which the Supreme Court has given broad discretionary authority to administrators in order to manage the prison." *Bumgarner v. Bloodworth*, 768 F.2d 297, 301 (8th Cir. 1985) (citing *Hewitt v. Helms,* 459 U.S. 460, 467 (1983), *overruled on other grounds, Sandin v. Conner,* 515 U.S. 472 (1995)). "Visitation is a privilege and within the correctional facility's province to administer as it sees fit." *Burke v. Rudnick*, 2000 WL 33339652, *3 (D.N.D. 2000). Thus, plaintiff's allegation that his right of visitation is restricted to the weekend fails to state a constitutional violation for deprivation of visitation privileges and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.75 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Janes Carter or Jerry Carter because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Tommy Greenwell, Brad Swims, Bob Simmons and Unknown Danny, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Tommy Greenwell, Brad Swims, Bob Simmons and Unknown Danny shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order of partial dismissal shall accompany this order and memorandum.

Dated this __29th__ day of September, 2005.

_____
**UNITED STATES DISTRICT JUDGE**